UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No.:  4:25CR00530-JMD |
| v. ) | |
| ) | |
| ) | |
| BRIDGETTE JOHNSON ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S MOTION FOR VARIANCE AND REQUEST FOR NON-GUIDELINE SENTENCE

Comes now, Defendant BRIDGETTE JOHNSON. ("Johnson"), by and though counsel, in accord with the decision in *United States v. Booker*, 543 U.S. 220 (2005), *Kimbrough v. United States*, 552 U.S. 85 (2007), *Rita v. United States*, 551 U.S. 338 (2007), *Gail v. United States*, 552 U.S. 38 (2007), *Nelson v. United States*, 129 S. Ct. 890 (2009) (per curiam), *Spears v. United States*, 555 U.S. 261 (2009) and 18 USC §3553(a) and files this Motion for Variance and Sentencing Memorandum setting forth all factors this Court should consider before imposing sentence in the above styled case. Bridgette Johnson submits the following sentencing memorandum for this Court's consideration prior to imposition of sentence herein. Defendant confirms that she received the Final Presentence Investigative Report ("PSR") prepared by U.S. Probation Officer Jarett L. West and understands that this Court will consider said report during sentencing. However, because the PSR includes an *advisory* guideline sentencing range, Defendant submits this sentencing memorandum to assist the Court in determining the most appropriate sentence herein.

1

**INTRODUCTION**

Defendant, by and through counsel, respectfully moves this Court for a downward variance from the advisory guideline range pursuant to 18 U.S.C. § 3553(a). The probation office did not identify factors that warrant consideration of a non-guideline sentence based upon the defendant's history and characteristics. However, for the reasons set forth below, a sentence below the advisory guideline range is sufficient, but not greater than necessary, to achieve the purposes of sentencing.

**LEGAL STANDARD**

Under 18 U.S.C. § 3553(a), the Court must impose a sentence that is "sufficient, but not greater than necessary" to comply with the purposes of sentencing. In determining the appropriate sentence, the Court must consider, among other factors:

1. The nature and circumstances of the offense and the history and characteristics of the defendant;
2. The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and provide just punishment;
3. The need to afford adequate deterrence, protect the public, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment;
4. The kinds of sentences available; and
5. The need to avoid unwarranted sentence disparities.

**HISTORY AND CHARACTERISTICS OF THE DEFENDANT**

A guideline sentence in this case would not serve the interests of justice, nor would it reflect the unique circumstances of Ms. Johnson's life, character, and history. At 61 years old, she stands before the Court with no prior periods of incarceration, no history of violence, and a lifetime defined not by wrongdoing, but by service, sacrifice, and compassion. Research consistently shows that individuals in her age group present an exceptionally low risk of recidivism. A guideline-level custodial sentence would therefore provide little, if any, additional deterrent value. Instead, it would impose a punishment far greater than necessary to protect the public or promote respect for the law. Johnson is a mother, a grandmother, and the primary caregiver for her own elderly mother—roles she has fulfilled with unwavering dedication.  Ms. Johnson is, by every measure, a giver. Those who know her describe her as the kind of person who will give a stranger the shirt off her back. Her instinct is always to help, to support, and to lift others up. Her life has been shaped by generosity, not self-interest. The conduct that brings her before the Court is an aberration, not a reflection of her character.

A guideline sentence would not only punish Ms. Johnson; it would punish the many people who depend on her daily. She is the backbone of her family. Her grandchildren rely on her for stability and care. Her elderly mother depends on her for essential support. Removing Ms. Johnson from her family for a lengthy period would create a ripple effect of hardship that extends far beyond the defendant herself.

Moreover, Ms. Johnson is committed to making full restitution. She owes $129,000, and she has expressed a sincere desire to work, to contribute, and to repay what is owed. A lengthy custodial sentence would make that goal nearly impossible. Allowing her to remain in the

3

community—under appropriate supervision—would maximize her ability to earn income, repay restitution, and restore the harm caused.

A non-guideline sentence would still hold Ms. Johnson accountable, but it would do so in a way that recognizes her age, her lack of criminal history, her extraordinary family responsibilities, and her demonstrated capacity for rehabilitation. It would acknowledge that punishment should be proportionate not only to the offense, but also to the individual.

Your Honor, justice is not served by incarcerating a 61-year-old woman who poses no danger to the public, who has spent her life caring for others, and whose family depends on her for their well-being. Justice is served by imposing a sentence that allows her to continue supporting her family, working to repay restitution, and contributing positively to her community.

**CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that this Court impose a sentence below the advisory guideline range, consistent with the factors set forth in 18 U.S.C. § 3553(a). Such a sentence would be sufficient, but not greater than necessary, to achieve the purposes of sentencing.

    Respectfully submitted,

    /s/ Donnell Smith MO 44510
    Donnell Smith and Associates LLC
    6 Cardinal Way, Suite 900
    Saint Louis, Missouri 63102
    314-361-2500  office
    donnell.smith@smithlawpractice.com

## **CERTIFICATE OF SERVICE**

Undersigned counsel hereby state that a copy of the forgoing pleading was served on all parties of record pursuit to the U.S. Courts electronic filing system on this 4th day of January, 2025.

/s/ Donnell Smith